To 17-0, 17-0, Mr. Anthony Blevins and Anthony Sella Blevins, plaintiffs' appellants, to John Marcheschi, Laura Marcheschi, and the Great House School-State LLC, Illinois County Limited Liability Company, defendants, please. By vote on behalf of the plaintiffs' appellants, Mr. Leece J. Kettler. By vote on behalf of the defendants, please, Mr. John D. Dalton. Mr. Peck. Good morning. Good morning, Justices. I'm Reese Peck. I represent the Blevins. I think the parties have analyzed this case. It appears that we have two issues that we've addressed in our briefs. Counsel, I'm going to ask that you stand directly in front of the microphone and speak loudly, please. There are people in the back who need to hear you, please. I'm sorry. It's a big room and it's a little bit hard. Thank you. Judge, I think there's two issues here, at least the two issues that we've addressed in our briefs. And the first issue is whether the statute of limitations of Section 60 of the Residential Real Property Disclosure Act controls that it's a limitation for any other claim under the Act as well as any other claims that are based upon a disclosure statement made pursuant to the Act. I think the other issue is whether the court earned when it struck from our pleadings the disclosure statement upon which our causes of action were based. And if the court earned in doing that, and, of course, we believe that the court did. And so we're asking that our original complaint be reinstated. In addressing the first issue first, I think, first of all, I think Rolando v. Pence and King v. Ashbrook, those are the two principal cases that we rely upon. I think Rolando establishes that a fraudulent misrepresentation claim may be based solely on a disclosure statement made pursuant to the Act. I think both cases establish that the Act does not limit a party's rights or remedies under other causes of action such as what we've pled and what's been pled in Rolando and King. Basically, fraudulent-based claims as well as breach of contract. Did you allege in your complaint that the complaint was brought pursuant to the Residential Real Property Disclosure Act counsel? We did not bring a claim under the Act, Judge. We knew when we filed our claim we were, I don't know how far behind the line there, but we were well behind it.  So we did bring breach of contract, consumer fraud, fraudulent misrepresentation, and negligent misrepresentation. And the trial court believed that because our cause of action, and this is true, it's the way it is, is based upon a disclosure statement made in the residential real estate contract. And since our claims are based upon that and that statement, and essentially that statement is the misrepresentation that forms the underlying basis of our causes of action, the trial court believed that by relying on the disclosure statement, that invoked the Act. And since the Act was invoked, the one-year limitation period applied to all causes of action. Does the record reflect that he indicated what authority he was relying on or what authority was urged to him in reaching that decision? No. Now, we relied on Rolando K. And I think that supports our position. But no, the trial court did not say, pursuant to this case, this is how I'm ruling. And I don't think that case exists that would support that ruling. And I think Kane establishes that the one-year limitations period does not apply, at least to a breach of contract, because that was a breach of contract in that action. It was filed after the one year had expired. The plaintiff in that action did not bring an action under the Act. And the court ruled that the one-year limitation period didn't apply to a breach of contract action. If it doesn't apply to a breach of contract action, it would seem to me there would be no rationale as to why it would apply to any other cause of action. Now, the Effelis argue that these two key cases, you rely on Rolando and Kane, are distinguishable. One, in Rolando, that was the motion for directed. Correct. Finding Kane, the allegations were based on a handwritten notation in the real estate contract itself. I mean, how would you, how do you respond to that? Why don't they have a point that these cases are distinguishable? Well, in Rolando, I don't believe that it makes any difference under what proceeding the court rules. So if the court had ruled on a motion to dismiss or a motion for summary judgment or on a motion for a directed finding, the issues remain the same. And that is, does the act limit what you can plead, and does it sort of plant all of the statute of limitations for every other cause of action? And there's just no authority for that. I mean, I don't see that. I don't see that. And for Kane, there again, yeah, it's somewhat different. But the principle ruling was that the one-year statute of limitations was not applied. And I don't think that it's limited just to those facts. And you can base, in that case, a breach of contract action on the disclosure statement. Apparently, according to Rolando and Kane, though they didn't say it directly, without invoking the act. So basically what they're saying, your opponent is saying, is that once you have that disclosure statement, you can't seek damages under any knowledge theory. I think it would have been interesting if, I think to an extent that's true. Interesting issue would have been if we had brought an action under the act, timely, within the year, and all these other causes of action. Then could they say, well, no, you're just limiting it to the act. Yeah. That's a good point. But we didn't do that. It would have been an interesting point, and it might have been an interesting issue on appeal. But I still think the overriding thing about this is that it's clear, and there's not a lot of cases on this. And I think that's why we were interested in actually appealing this, and particularly to get a normal argument on it, because there isn't a lot on it. But I think it's clear that the act doesn't limit your other causes of action. I think it's clear that the act doesn't, and I don't even know how it could, how the act's limitation period could supersede all the other limitations periods for all these other claims. It would just seem that would severely limit and handicap those people that want to bring those other causes of action. Because now instead of having a 10-year cause of limitation period for a breach of contract, I've got one year. Instead of four years for fraudulent misrepresentation, I've got one year. And I didn't see any support for any of that in the cases. It would be different if the act said that upon discovery. And I thought, I was looking at that yesterday, and I thought, yeah, at least. But it doesn't say that. It doesn't say that. And so we're beyond it. Right. So if two years from the time you get into the house, you finally discover that this representation made pursuant to the act was false, then you've got a year to bring your cause of action. But there is no discovery period in this. So I think to say that the act overrules or overrides the limitation periods for all these other causes of action just would really impact those causes of action. I don't even know that the act, there's probably some acts perhaps that can override others, but I don't know how this act could override the statute of limitations for consumer fraud or anything. Defendants also argue that your complaint only alleged conclusions and opinions, especially as it relates to the defendant's knowledge of the defect. Can you respond to that? Sure. We went, I mean, when we discovered this, we did a thorough investigation. And we even, we retained an expert. Didn't get to the point of disposing of him as an expert, but we retained one. We tore a section of the kitchen out. We went to the exterior, tore that out. And as an abundance of caution, we attached, we pled in our first complaint that what the findings were of this expert. We attached to our amended complaint the actual report. And the expert, based upon the severity of what was found, the expert opined that there was no way that the defendants did not know about this. And I don't think that's a mere conclusion. That's what he would have testified to if this had gone to trial. It's his opinion. His expert opinion. His expert opinion. And I think it's somewhat unusual that, I've never seen it, where you attach your expert's report right up front. But that's what we were doing. We were putting everything right up front. So I don't think that's a conclusion. I think we pled with great specificity behind it. I mean, you don't have to plead your evidence, but we did. That opinion was in the original complaint. You attached a report to the amended complaint. Was it in the original complaint? It was in the original complaint. And then on the amended, yeah, absolutely. We went through the whole history of how we got GZA and the findings. We attached photographs. I don't know why I didn't attach the opinion. But then when that complaint was dismissed, I attached the actual opinion. And I think the court, and that's the second issue, I think the court was wrong. And, of course, I think the court was wrong. But I also legitimately believe it was wrong from just a purely objective basis. Because, one, the disclosure report can support all those causes of action, and King supports that. And so does Ravondo, for that matter. And so I think to say, well, you cannot rely on that disclosure statement. Well, the disclosure statement, King established that a disclosure statement can be a false misrepresentation.  Ravondo establishes that that can be a false representation and can support the allegation that a material misrepresentation was made that was relied upon, as we allege. And so I think to say, well, your principle, your misrepresentation upon which you're relying, you cannot use that. For which there's no basis that I can see. So I think the court was wrong when it struck that from our other claims. And then, of course, was wrong when it applied the one-year statute of limitation to our claims. I don't know if that's straightforward. I don't mean to minimize it. But for me, that's how I see it. And I think Rolando and King support that. Okay. Okay, thank you. Thank you, Counselor. You'll have time on review. Mr. Dalton. Good morning, Your Honors. May it please the Court. I'm John Dalton. I represent the defendants here on this appeal. And this case is about insufficient pleading. We're not claiming that the Disclosure Act is the exclusive remedy for a plaintiff. We are claiming that the statute of limitations would bar all claims after a year. What we are claiming is that the plaintiffs stubbornly failed to cure the pleading deficiencies in their complaint. Excuse me. I'm not sure I heard you correctly. So you're saying you're just relying on one part of the argument you made in your briefs? No. We're saying that they could have, based on how the complaint was pled, the statute of limitations should apply. The one year? Yes. Okay, but they never cited the Residential Real Property Disclosure Act in their complaint. So how are they bound by that statute of limitations if, indeed, they brought the suit under the other common law theories we've talked about, breach of contract, fraud? It's the effect of the reliance on the disclosure as the alleged misrepresentation. So any time somebody relies on the failure to disclose that is in or should be represented on that form, then they're bound by the one year statute of limitations as if they were bringing the suit under that statute. Is that your position? I mean, I think that's what I just heard you say. That would effectively create that the act is an exclusive remedy. Right. And that is not our position. Oh, so what is your position? So the use of reliance on the disclosure has to be stricken is our position. Has to be stricken? Why? Stricken from the complaint because there is, it's beyond the one year statute. Oh, that's circular reasoning. Yes. Is it not? Well, if there were other, so really this is a 2615 issue because all they relied on was the disclosure report in their complaint. And a conclusion, conclusions as Gerardo pointed out. And then finally, one opinion that was effectively, the opinion effectively stated that defendants should have known of the defect. And that is not what the statute says. Section 25B and section 35 require actual notice or knowledge of the defect. And that was never pled in any of the complaints. All they said is defendants knew, but there was no allegation that there was a defect that predated the sale that the plaintiffs knew of. That statute you're referring to is the. The disclosure. Yeah, the disclosure act, which they're not relying on as a cause of action. Why would they need to plead the elements of that cause of action if they're not relying on that cause of action? They, because there is under the strict pleading rules regarding fraud and misrepresentation, they have to actually make a statement as to, as to the basis of their conclusion that they, the plaintiff knew, defendants knew. But why isn't there a statement, the disclosure? Well, the disclosure simply says that there was no defect, but they don't say they knew of a defect other than what they knew. They made a conclusory statement. They knew, but they don't have any prior repairs. For example, in Rolando, Rolando v.  Plaintiffs didn't allege in this case that the window where they discovered, allegedly discovered mushroom-like mold, that there was apparent repairs before they discovered it, or when the painter first came in to paint around that window. They never said that it was apparent that there was water infiltration. Well, we're talking about two different things when you keep conflating these two. Yes. The first thing is basically your 619 motion to say the statute of limitations applies, and that's what got the trial court to throw out that part of the complaint and then look at the complaint without it. Yes. And then it's a 615 issue. Right. Okay. Let's go back to the statute. If these, the sellers, had made an oral statement to the buyers, there are no defects, there are no, whatever that statement is in the disclosure, there are no windows, you know, whatever, that we're aware of. Okay? Then that's, I mean, the statute of limitations was met here, despite under fraud and all those other common law causes of action, correct? Sure. Those statutes would not bar any of these claims. Right. And they could rely on that statement. They could rely on that statement, but that wouldn't be enough. They would have to show that the, they would have to allege. Knowledge. Knowledge. Okay. Now we're getting into, believing into the second part. Yes. But I'm just saying, you have that statement. They could rely on that statement as an affirmative declaration, and then they'd have to show knowledge that the person is lying. Sure. Yes. So why doesn't Rolando and King answer the question as to whether or not you can rely on the statement, just the same way you could an oral statement, just because it's in this form, you're saying you can't rely on that statement? We're not saying, I'm not saying that they can't rely on it. Rolando Pence, Rolando B. Pence says you can rely on the disclosure report to support the other claims. But it's clearly stated in there. What we're saying is they didn't plead any knowledge other than a conclusion that. I want to stay, I want to stay with that first part. Okay. I want to stay with the first part, because you got that statement thrown off this thing. Okay. And that helped you get rid of 615. Yes. So let's stay with the 619 for a minute. Okay. You're saying you can rely on that statement, even though it's past a year and it's in a disclosure. According to Rolando B. Pence, you can. Now that seems to contradict the arguments that I heard readily agreed. Well, the, we argued and the trial court agreed that that statement should be, should be stricken. And that reliance on the, the report should be stricken from the complaint. And it was in the second and third complaints that they filed. However, we argued that the complaint still emanated from the disclosure report. The basis of the claim was still the disclosure report. And the trial court agreed. But now you're saying that you agree with that Rolando and Pence answer the question whether you can rely on that statement in a disclosure report as part of your case for common law past the year statute of limitations. That's the holding. Yes. Okay. Okay. Because you, I mean, you attempted to distinguish Rolando based on the procedural nature of the posture of those two cases, this case and that case. So. May I, the real distinction with Rolando B. Pence is that there were numerous repairs that predated the disclosure and the sale. So it was assumed that they had known about it because there were previous repairs. Whereas in this case, there were no previous repairs. No previous repairs. There was no way you're submitting that they could have known about it or they can prove that they could have known about it. They didn't allege that they have any way of knowing other than the speculative opinion of the expert, which still was. It's inconceivable that the Marcheski's were not aware of the defects, which is another way of saying should have known. And that is not what the statute says with regard to the disclosure act. And. Now we're back to the disclosure act. Yeah. Yeah. Well, but and in pleading a fraud claim, it's required that there's specific allegations of knowledge. They did allege that the defendants knew of the defect. They do say knew. They don't say how they knew. They don't say anything like. Why did they have to show their evidence? Right. Why did they have to plead? How did they have to show their evidence? No, I agree. The case law says they don't have to show their evidence. Right. However, they don't allege that there was any basis for knowledge. Do they have to prove that later on? Yeah. I mean, that's not the basis of 615 under at least the case law. So, I mean, if you're looking at, you know, Ward and the cases that follow Ward, a statement of defendant's knowledge is an allegation of ultimate fact and not a conclusion, which is enough. And the plaintiff need not plead evidentiary facts. He will use to prove the knowledge. I mean, that's kind of black letter law now since Ward in the 80s. Right. So if you just forget about this GZA opinion. If you just put in there, here's the damage. They knew about it. In all of these cases, why is it that enough? Here's the, first of all, I mean, sorry, here's the statement that the people made saying there was no damage in essence. There was damage and that they knew that there was damage when they sold the house. Why is it that enough for a 615? Well, they actually, the way that this was set up procedurally, that may be enough. But the way this case was set up procedurally, the disclosure report was stricken from the complaint. So there was no, there was no statement according to the complaint without the disclosure report that there were no defects. Well, I agree. I mean, you wouldn't have 615 if that disclosure report is taken out because there's no allegation of any affirmative statement by anybody. So, I mean, again, that's one of the preliminary issues we went through for the last few minutes before we got to knowledge was whether that thing was properly stricken. Whether that statement from the disclosure report was properly stricken. And it's our position that it was properly stricken because any claim under that, under the Act, is barred by the one-year statute and the trial court agreement. What do you mean by any claim under the Act? Anytime somebody uses that disclosure form as the basis, that's what you're saying. That alone. But what authority do you have for that? What case authority? There is no case law that says that. How do you read the statute to allow that? I think that's why we're here because there is no case law either way that says that. So what would be the reason that we should adopt that viewpoint? Okay. The Disclosure Act would, if a plaintiff was allowed to simply plead, I got this disclosure and it said there were no defects. And four years later, three years later, I found a defect. And they should have known about the defect. They knew or should have known about the defect. Then that opens the floodgates for using the disclosure, which is required by the Disclosure Act, to support numerous fraud claims, which was not the intent of the Disclosure Act. What was the intent? It was to protect buyers from known defects. But you said the allegation was they knew about it. You just said that was part of your scenario. In the disclosure. No. So there's no other evidence. They don't allege any. They allege that they do. That's all they list. The disclosure statement and that they knew. They knew. Based upon the inspection that was done. Based upon some leak or some defect. All right. So, I'm sorry, repeat what you were saying then. It would open up the floodgates for fishing expeditions by plaintiffs to file suits to try to discover if there was any prior leaking or anything like that when there's no actual basis for the claim. And they use the disclosure report, which is required. In a real estate transaction, it's not required under the Act. You have to fill out the report. And so it forces the seller to make a statement one way or another. It's not as if the sellers are going to the buyer and saying, this is a perfect house. I've never had a defect. There's no defects. It's exactly the way it is. They're not taking any action other than what's required by the Act. To say, to my knowledge. To my knowledge, there are no defects. So, they're required by the Act to do that. So, why should then the buyers be able to rely on that disclosure that's required by the Disclosure Act to then go on a fishing expedition to find out if they should have knew, not should have, but knew that there were defects and they lied about it. Maybe the legislature weighed all this. The one-year statute of limitations is a hard statute of limitations from the time of the sale. Yes. So, usually when we have situations like this, it's a statute of limitations from the time people knew or should have known of the defect. Right. The legislature made it a hard statute of limitations, but also put in Section 45, which says, you know what, we're not going to, you can do, under this Act, you've got this hard statute of limitations, but we're not going to keep you from, you know, having any other common law to cause the action. Right. So, why did the statute weigh this floodgates argument that you're making as a public policy and put those two competing clauses in there? Well, the, but the Act is the only thing that requires the disclosure report. So... Which is why, if you can make a claim under the Act, you get costs, you get attorney's fees, you get all kinds of things you don't get in common law fraud. Right. Unless it's consumer fraud. Right. So, that is, I don't, did you have a question that I... No, I'm just saying, I'm just, you know, saying maybe your public policy argument that the legislature weighed that and put these two competing clauses in there. I mean, that's certainly a possibility. Well, and certainly, I don't think the public policy issue was actually addressed in Rolando v. Pence, because there were allegations that the, or there were, there were actually facts, because it was a different procedural position at that point. There were facts that demonstrated that the plaintiffs knew, or the defendants knew of the defects. But in this case, we have only the bald allegation that the defendants knew. And there's, because of that, I think because of the unusual procedural position in this case, the trial court was correct in dismissing this pursuant to 615 after striking the disclosure report under 2619. No.  Mr. Peck? Thank you, Justices. In Rolando, the defendant argued that the plaintiff could not rely on the disclosure statement because it was a qualified statement. It's because, well, to my knowledge, I don't know. How long after that disclosure statement was filed in Rolando was the case brought? It was after the one year. Past the one year. Right. And they didn't bring, I don't know if that's why, but they didn't bring an action under the act. Right. But they did bring a fraudulent misrepresentation and concealment action. And the court didn't preclude the reliance on that. No. And the defendant tried to say, well, you can't rely on it, not just in making the same argument that the defendants are making, but you can't rely on it because it's a qualified statement and, therefore, it doesn't rise to the level of a material misrepresentation. And the court said, no, you can't rely on it. And that is the material misrepresentation. And just like in Rolando, yeah, there was evidence that there was a history of problems. But that was evidence. We're going to have to present, as you mentioned, Justice, we're going to have to present our evidence. But we pled ultimate facts. And I think we pled our evidence to a large extent. So, yeah, they keep saying, well, basically, we didn't plead evidence. Well, we don't have to plead evidence. But, in fact, to some extent, we actually did. And it's clear that the judge at the trial court relied on the defendant in everything it did under the 2691 motion and under the 615 motion. And I don't think there's any support in that. Thank you, counsel. Thank you both for your arguments this morning. The court will take the matter under advisement and render a decision in due course. We stand at recess until the next case.